UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

---

Trini Lopez,                                                  Civil No. 10-3928 (PJS/SER)

        Petitioner,

v.                                                    **REPORT & RECOMMENDATION**

Warden Scott Fisher,

        Respondent.

---

      Trini Lopez, *pro se*, # 60553-066, FCI Sandstone, P.O. Box 1000, Sandstone, MN 50572.

      D. Gerald Wilhelm & Gregory Brooker, Esqs., United States Attorney's Office, 300 South Fourth Street, Suite 600, Minneapolis, MN, 55415, for Respondent.

---

STEVEN E. RAU, United States Magistrate Judge

      The above-entitled matter comes before the undersigned United States Magistrate Judge on Petitioner Trini Lopez' ("Lopez") Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [Doc. No. 1] and Motion to Expedite Adjudication of § 2241 Motion Due to Irreparable Harm that Will Ensue If Petition Is Adjudicated in Due Course [Doc. No. 2]. Respondent has filed a response to the Petition, urging the denial and dismissal of the Petition arguing Lopez failed to exhaust his administrative remedies and is not eligible for early release based on his participation in the Residential Drug Abuse Program (RDAP). This Court concludes that it would be futile to require Lopez to exhaust his administrative remedies and therefore will address the Petition on the merits. The Court agrees with the BOP's determination that Lopez was not entitled to early release and therefore, recommends that the Petition be denied and the Motion to Expedite be denied as moot.

1

I.      **BACKGROUND**

Petitioner Lopez, a federal prisoner incarcerated at the Federal Correctional Institution at Sandstone (FCI-Sandstone), brings this habeas action against Respondent Scott Fischer, Warden at FCI-Sandstone. Lopez was convicted of Conspiracy to Possess with Intent to Distribute Methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and 846. He was sentenced to 78 months in prison and five years of supervised release on July 7, 2008. Respondent projects his release date as December 17, 2011, with Good Conduct Time release. Lopez challenges the Bureau of Prisons' (BOP) "retroactive" determination that he was ineligible for early release after he partially completed the RDAP. (Pet. for Habeas Corpus Pursuant to 28 U.S.C. § 2241 by a Person in Federal Custody, at 3, hereinafter "Petition").

The BOP operates the RDAP to assist prisoners suffering from substance abuse problems. (Govt. Resp. to Pet. for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, at 3, hereinafter "Govt.'s Resp."). The program consists of a residential component, institutional transitional services, and community-based (halfway house) transitional services. (*Id.; see also* 28 C.F.R. § 550.53). To successfully complete the RDAP, inmates must complete all three components. (Govt.'s Resp. at 4). Participation in the program is voluntary. (*Id.*).

The BOP has the discretion to reduce an inmate's sentence upon successful completion of the RDAP. 18 U.S.C. § 3621(e)(2)(B). The statute provides, "[t]he period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the [BOP], but such reduction may not be more than one year from the term the prisoner must otherwise serve." *Id.* In 2009, the BOP enacted a new rule relating to the RDAP for inmates entering the program after March 16, 2009. (Govt.'s Resp. at 5; *see also* 28 C.F.R. § 550.55). The rule categorically excludes certain inmates for eligibility for early release

through the RDAP, including inmates who have a prior felony or misdemeanor conviction for robbery. 28 C.F.R. § 550.55(b)(4)(iii); *see also* BOP Program Statement 5331.02. The previous regulation in effect before March 2009 also provided that inmates convicted of robbery were not eligible for early release. 28 C.F.R. § 550.58(a)(1)(iv) (2008).

On February 9, 2009, staff at Federal Correctional Complex Victorville, where Lopez was then incarcerated, provided Lopez a notice that he met the requirements for participation in the RDAP but that he was provisionally not eligible for early release because he had a 1996 arrest for Kidnapping to Commit Robbery. (Ex B, attached to the Decl. of Angela Buege, hereinafter "Buege Ex. ___"). The notice stated that there was no information in the presentence report indicating the disposition of the charge. (Id.). On April 28, 2009, staff changed Lopez' RDAP status from ineligible for early release to eligible after records indicated Lopez' previous arrest for Kidnapping to Commit Robbery was rejected by the District Attorneys' Office. (Buege Ex. C). Lopez was given notice of this change in his RDAP eligibility status. (Buege Ex. D).

On September 22, 2009, Lopez was transferred to FCI Sandstone and he began participating in the RDAP on Dec. 17, 2009. (Buege Decl. at ¶ 6).

Prior to Lopez' entry into the RDAP, on December 4, 2009, BOP staff at FCI Sandstone forwarded a Request for Section 3621(e) Offense Review Form to staff at the Designation and Sentence Computation Center (DSCC) in Grand Prairie, Texas. (Buege Ex. E). On March 17, 2010, DSCC staff completed an offense review and concluded Lopez was not eligible for a RDAP sentence reduction because he had previously been convicted of Robbery in California on August 7, 1997. (Buege Ex. E). An attorney for DSCC reviewed and approved the form as well. (*Id.*).

3

## II. DISCUSSION

### A. Exhaustion of Administrative Remedies

Warden Fisher contends that Lopez' Petition should be dismissed because Lopez did not exhaust his administrative remedies. In response, Lopez asserts that the BOP's responses to his administrative complaints were not prompt and he should be excused from exhaustion because it would be prejudicial and futile. This Court agrees with Lopez that compelling him to further proceed with the administrative remedy process would be futile.

It is well-established that inmates challenging the computation or execution of their sentences through a writ of habeas corpus must first exhaust their available administrative remedies. *United States v. Tindall*, 455 F.3d 885, 888 (8th Cir. 2006); *United States v. Pardue*, 363 F.3d 695, 699 (8th Cir. 2004); *United States v. Chappel*, 208 F.3d 1069, 1069 (8th Cir. 2000); *see also United States v. Wilson*, 503 U.S. 329, 334-35 (1992) (prisoner can seek judicial review of sentence computation after exhausting administrative remedies). The purpose of the exhaustion requirement is to protect administrative agency authority and judicial economy. *White v. Jett*, No. 10-501, 2010 WL 5421480, *3 (D. Minn. Nov. 18, 2010).

The exhaustion requirement for § 2241 habeas petitions is judicially created and is not jurisdictional. *Lueth v. Beach*, 498 F.3d 795, 797 n. 3 (8th. Cir. 2007). Because the exhaustion requirement is not jurisdictional, courts may create exceptions to the exhaustion requirement. *Frango v. Gonzales*, 437 F.3d 726, 728-29 (8th Cir. 2006). Habeas petitioners can be excused from the exhaustion requirement if they can show that proceeding through the administrative remedy process would be an exercise in futility that served no useful purpose. *Id.*; *Elwood v. Jeter,* 386 F.3d 842, 844 n. 1 (8th Cir. 2004); *United States v. Galceran*, No. 07-4659, 2008 WL 4104696, *2 (D. Minn. Aug. 29, 2008) (citing *Frango*, 437 F.3d at 728-29); *Robinson v.*

*Holinka*, No. 06-621, 2007 WL 1054283, *4 (D. Minn. April 29, 2007). Courts have also excused exhaustion when requiring exhaustion would cause prejudice, due to unreasonable delay or an indefinite timeframe for administrative action. *Knight v. Jett*, No. 09-2293, 2010 WL 4052182, *4 (D. Minn. Sept. 13, 2010) (citing *Gonzales v. O'Connell*, 355 F.3d 1010, 1016 (7th Cir. 2004)). District Courts exercise discretion in determining whether a habeas petitioner is required to exhaust his or her administrative remedies. *White*, 2010 WL 5421480, at *3. To make this determination, courts balance the interests of the prisoner in retaining prompt access to a federal forum against the countervailing institutional interests favoring exhaustion. *Id.*

The Bureau of Prisons has a three-part administrative remedy program designed to address a federal inmate's concerns regarding any aspect of his or her confinement. (Buege Decl. at ¶ 8). This procedure is found in Program Statement 1330.16, Administrative Remedy Program, and is also codified at 28 C.F.R. § 542.10, *et seq.* (*Id.*). This program is designed to allow inmates to voice their grievances and provide the BOP an opportunity to resolve issues in-house prior to an inmate seeking judicial relief. (*Id.*). Under the administrative remedy program, an inmate must first attempt informal resolution of the complaint. If informal resolution is unsuccessful, the inmate must then raise his or her complaint to the warden of the institution where he or she is confined. (Buege Decl. at ¶ 9). The inmate may then appeal the warden's response to the Regional Director and then again to the Central Office of the Bureau of Prisons if dissatisfied with the Regional Director's response. (*Id.*). An inmate has exhausted his or her administrative remedies once the inmate has received a final response from the Central Office. (*Id.*).

In the instant matter, Lopez filed a Request for Administrative Remedy with the warden on May 13, 2010, which was denied on June 22, 2010. (Buege Ex. F). He then filed an appeal

to the Regional Director on July 6, 2010, which was denied on August 5, 2010. Lopez did not appeal to the Central Office. (Buege Decl. at ¶ 10).

Lopez' failure to completely exhaust his administrative remedies should not be a bar to considering his Petition on the merits. *Kyles v. Fondren*, No. 08-6074, 2009 WL 4041491, *4 (D. Minn. Nov. 18, 2009) (concluding failure to exhaust would be futile where BOP had predetermined inmate was ineligible for RDAP based on Program Statement 5331.02). As in *Kyles*, Lopez has exhausted some of his administrative remedies[1] and the BOP's response was that he was ineligible for the RDAP based on his prior robbery conviction because of Program Statement 5331.02. Nothing in the record suggests that the Central Office would determine the issue any differently. Rather, it appears the Central Office would deny any further appeal pursuant to existing BOP policy. Respondent maintains that if this Court considers the merits of the Petition, then the BOP's determination Lopez is ineligible for the RDAP is discretionary under Program Statement 5331.02. Accordingly, the BOP has predetermined Lopez' RDAP eligibility and further exhaustion would be futile. Further, requiring Lopez to appeal to the Central Office would cause prejudice to Lopez because of the delay--given that his projected release date is fast approaching. Lopez' failure to exhaust his administrative remedies should be excused, and the Court will consider the merits of his claim.

      **B.**     **Merits**

Lopez asserts that the BOP's change in his eligibility for RDAP early release violated his "settled expectations" and should not have been imposed by the BOP retroactively after he was previously determined to be eligible. The Court understands Lopez to be arguing that the

---

[1] The Court does not suggest that a petitioner would be excused from the exhaustion requirement when the inmate did not pursue *any* administrative remedies. *Somerset v. Fondren*, No. 09-788, 2009 WL 3461410, *3 (D. Minn. Oct. 20, 2009).

ineligibility determination violates the Ex Post Facto clause and Due Process clauses of the Constitution.

The Supreme Court has determined that pursuant to 18 U.S.C. § 3621(e)(2)(B), the BOP has the discretion, but is not required, to reduce an inmate's sentence because of participation in a RDAP. *Lopez v. Davis*, 531 U.S. 230, 240 (2001). Under this discretion, BOP regulations and Program Statements provide that an inmate who has a prior conviction for Robbery is not eligible for early release. 28 C.F.R. § 550.55(b)(4)(iii) and Program Statement 5331.02.

          1.      Retroactive Eligibility Determination

The Ex Post Facto clause prohibits retroactive application of penal legislation. *Landgraf v. USI Film Products*, 511 U.S. 244, 266 (1994); *Lupien v. Clarke*, 403 F.3d 615, 618 (8th Cir. 2005). The clause forbids, "[e]very law that changes the punishment, and inflicts a greater punishment, than the law annexed to the crime, when committed." *Lupien*, 403 F.3d at 618 (quoting *Stogner v. California*, 539 U.S. 607, 612 (2003)). "To fall within ex post facto prohibition, a law must be retrospective--that is, 'it must apply to events occurring before its enactment--and it 'must disadvantage the offender affected by it' by altering the definition of criminal conduct or increasing the punishment for the crime." *Zacher v. Tippy*, 202 F.3d 1039, 1045 (8th Cir. 2000), *quoted in Giannini v. Fed. Bureau of Prisons*, No. 09-1166, 2010 WL 1427318, *13 (D. Minn. Feb. 12, 2010). Relying on *Bowen v. Hood*, 202 F.3d 1211, 1220 (9th Cir. 2000),[2] Lopez asserts that he is entitled to habeas relief because the BOP retroactively changed his eligibility status for early release after he completed three months in the program. Lopez' reliance is misplaced.

---

    [2] Although *Bowen* never mentions the Ex Post Facto clause, it cites to *Landgraf* and applies the law on ex post facto violations.

7

*Bowen* involved the retroactive application of a 1997 regulation, which defined inmates' eligibility for RDAP early release, to a group of inmates who originally were deemed eligible for early release under the previous regulation. *Bowen*, 202 F.3d at 1218, 1221. *Bowen* held that the BOP "wrongfully disrupted the [inmates'] settled expectations because they had already been provided with a determination of eligibility prior to the date the amended regulation became effective. Therefore, . . . the regulation has impermissible retroactive effect." *Bowen*, 202 F.3d at 1220. The court concluded that after the BOP notified inmates that they were eligible for early release, it could not thereafter retroactively apply a new regulation to deny the inmates eligibility for early release. *Id.; see also Cort v. Crabtree*, 113 F.3d 1081 (9th Cir. 1997) (holding BOP could not retroactively apply changed interpretation of Program Statement defining nonviolent offense to deny inmates early release); *Harris v. Daniels*, 466 F. Supp. 2d 1239, 1242 (D. Or. 2006) (holding BOP could not revoke eligibility for early release under RDAP where administrator failed to note robbery conviction and erroneously determined inmate was eligible for early release). *Bowen* further held that eligibility notices were provisional and conditioned on the inmate's completion of the RDAP. *Bowen*, 202 F.3d at 1221. Eligibility notices were not provisional in the sense that the BOP could change an inmate's eligibility for the program itself. *Id.*

*Bowen* and *Cort* were based on the principle that people "should have an opportunity to know what the law is and to conform their conduct accordingly; settled expectations should not be lightly disrupted." *Cort,* 113 F3d at 1084 (citing *Landgraf*, 511 U.S. at 265). The principles of *Bowen*, *Cort* and *Landgraf* are not applicable to the instant situation. In Lopez' case, neither the law nor the BOP's interpretation of the law changed. Rather, the BOP was merely misinformed about facts and initially was unaware that Lopez had been convicted of robbery, but

8

later learned he had. The BOP did not retroactively apply a new law, it merely corrected a misassumption. Therefore, unlike *Bowen* and *Cort*, the Ex Post Facto clause is not implicated in this case.

Additionally, Courts outside the Ninth Circuit have declined to apply the Ex Post Facto clause as broadly in inmate suits alleging eligibility for early release after completing the RDAP. *Williams v. Zych*, No. 09-12173, 2010 WL 200847, *2-3 (E.D. Mich. Jan. 15, 2010) (summarizing divergent cases). The Fifth Circuit concluded that the retroactive application of a BOP Program Statement to an inmate did not violate the Ex Post Facto clause because the petitioner was never legitimately eligible for a sentence reduction due to his robbery conviction. *Royal v. Tombone*, 141 F.3d 596, 602-03 (5th Cir. 1998). The Fifth Circuit disagreed with the Ninth Circuit's holding in *Cort*, and concluded that because Royal was never legitimately eligible for early release under either version of the BOP Program Statement, his actual status was not retroactively changed by the BOP and the Ex Post Facto clause did not apply. *Id.* at 602-04. Similarly, in *Minnema v. Pitzer*, 151 F.3d 1033, No. 97-3659, 1998 WL 255101, *2 (7th Cir. May 15, 1998) (table decision), the Seventh Circuit rejected the reasoning of the Ninth Circuit in *Cort*. *Id.* In that case, the BOP originally told the inmate he was eligible for early release but later classified him as ineligible because BOP Change Notice 01 ("CN-01") to Program Statement 5162.02 stated that all bank robbery offenses should be considered violent offenses. *Id.* at *1. The court held that the inmate had no right or settled expectation to a sentence reduction under § 3621(e)(2)(B), because "[m]erely enrolling in the drug treatment program did not 'entitle' Minnema to a sentence reduction. Minnema was required to complete the program in order to receive the sentence reduction and, thus, did not have a vested interest in early release at the time he began the drug treatment program." *Id.* at *2. The Court further held


that the application of CN-01 to the inmate did not violate the Ex Post Facto clause because the legal consequences for bank robbery were the same as the time when the petitioner had committed the offense. *Id.* "Section 3621(e) does not alter the definition of a crime or increase a punishment; instead, it merely confers an additional benefit to certain prisoners as an incentive for participating in a treatment program." *Id.* The inmate's argument that the eligibility notice created a contractual entitlement to release was also rejected in *Minnema*. *Id.* Under these principles, Lopez was never entitled to early release and the BOP's change to his eligibility does not implicate the Ex Post Facto clause.

Lopez also cites *Grove v. Bureau of Prisons*, 245 F.3d 743, 747 (8th Cir. 2001), which is distinct from the instant case. In *Grove*, the inmate applied for the RDAP and the BOP determined he was ineligible for the program. *Grove*, 245 F.3d at 747. The inmate never entered the program, but instead filed a habeas petition. *Id.* While the petition was pending, the BOP issued the 1997 regulation changing the eligibility requirements for the RDAP. The court in *Grove* held that the BOP was not prohibited from applying the new 1997 regulation to *Grove* because Grove never entered the RDAP after he was deemed ineligible. *Id.* Thus, *Grove* is distinguishable because it involved an inmate who never began the RDAP and involved the retroactive application of a new regulation. Lopez completed part of the RDAP before his eligibility changed, but the change was not based on any new law, regulation, or BOP Program Statement.

In analogous cases, a number of courts have concluded that the Ex Post Facto clause did not prohibit the BOP from retroactively denying an inmate a sentence reduction when the inmate was erroneously informed he or she was eligible for a sentence reduction. *Williams*, 2010 WL 200847 at *1 (holding inmate had no settled expectations in a sentence reduction because the

original notice stating he was eligible specifically indicated that prisoners with robbery convictions were in fact not eligible for a sentence reduction, and therefore, the prisoner was on notice that he was ineligible before he began participating in the RDAP); *Larson v. Wilner*, No. 09-0813, 2010 WL 2943298, * (D. Colo. July 22, 2010) (holding initial incorrect eligibility determination was provisional and did not provide inmate with a "settled expectation" of early release because BOP could deny early release even after completion of RDAP); *Golliher v. Hickey*, No. 09-409, 2010 WL 456778 (E.D. Ky. Feb. 3, 2010) (concluding prisoner only had "provisional interest" in early release, not settled expectations, when inmate was erroneously told he was eligible for early release despite his conviction of violent offense); *Walton v. Booker*, No. 06-0453, 2006 WL 2374843, *3 (D. Ariz. Aug. 16, 2006) (holding eligibility for sentence reduction does not equate to entitlement to sentence reduction where inmate was incorrectly told he was eligible for early release pursuant to § 3621(e)); *Whipple v. Herrera*, 69 F. Supp. 2d 1310, 1318 (D. Colo. 1999) (noting that because petitioner was never legitimately eligible for early release, retroactive application of revised BOP regulation was not impermissible); *see also Somerset v. Fondren*, No. 09-788, 2009 WL 3461410, *5 (D. Minn. Oct. 20, 2009) (holding BOP had the discretion to correct error informing inmate he was provisionally eligible for early release). Thus, an inmate cannot maintain a habeas claim based on "settled expectations" when the BOP incorrectly informs the inmate he or she is eligible for early release.

As in the cases cited *supra.*, the BOP's change to Lopez' eligibility did not offend the Ex Post Facto clause. The eligibility change was not based on a new or changed interpretation of any law or regulation, but on an administrative error by BOP staff. Lopez himself was on notice that he did not qualify for RDAP early release because he knew he had been convicted of robbery previously. Therefore, he could not have had any "settled expectations." To the extent

11

the BOP informed Lopez that he qualified for early release, such notice was provisional and the BOP had the discretion to correct its erroneous eligibility determination. Lopez' Petition should be dismissed.

### 2. Liberty Interest

Numerous courts have rejected the argument that promised eligibility for RDAP early release creates a liberty interest for purposes of the Due Process clause. Neither the Constitution nor § 3621(e)(2)(B) create a liberty interest in receiving early release upon completion of a RDAP. *Giannini v. Fed. Bureau of Prisons*, 405 Fed. Appx. 96, 97, 2010 WL 5297188, *1 (8th Cir. 2010); *Williams*, 2010 WL 200847 at *2 (citing *Orr v. Hawk*, 156 F.3d 651, 654 (6th Cir. 1998)).

In *Zacher*, the petitioner was provided a provisional notice of eligibility for early release. *Zacher*, 202 F.3d at 1042. After a transfer, BOP staff determined Zacher was not in fact entitled to early release because he had a robbery conviction. *Id.* BOP staff later changed their determination again and deemed him eligible because the prior robbery conviction was a misdemeanor. Id. After another transfer, Zacher's eligibility was changed once more and the BOP determined he was ineligible for a sentence reduction because of an earlier conviction for aggravated assault. *Id.* The court concluded that § 3621(e)'s language was permissive and not mandatory and therefore, did not guarantee early release for inmates. *Id.* at 1045. The court further held that Zacher did not have a legally protected interest in an erroneous misapplication of the Bureau's regulations. *Id.* Consequently, the Bureau's correction of its error did not violate the Due Process clause. *Zacher*, 202 F.3d at 1045; *Somerset*, 2009 WL 3461410 at *5; *see also Dann v. Martinez*, No. 05-4082, 2007 WL 1203186 (D.S.D. April 23, 2007) (inmate who was mistakenly told he was eligible for early release for participation in RDAP did not have liberty

interest in early release); *Larson*, 2010 WL 2943298 at *3 (concluding inmate erroneously told he was eligible for early release did not have protectable due process interest in participation in the RDAP or early release). Even in situations in which an inmate completes the RDAP, courts have held that denial of early release does not implicate a liberty interest protected under the due process clause. *Somerset*, 2009 WL 3461410 at *5 (citing *Jacks v. Crabtree*, 114 F.3d 983, 986 n. 4 (9th Cir.1997); *Cook v. Wiley*, 208 F.3d 1314, 1322-23 (11th Cir.2000); *Venegas v. Henman*, 126 F.3d 760, 765 (5th Cir.1997); *Egan v. Hawk*, 983 F. Supp. 858, 864 (D. Minn. 1997)).

In this case, Lopez did not have a protectable liberty interest in early release based on the BOP's mistaken determination that he was eligible for the one-year sentence reduction. Because Lopez did not have a liberty interest, the BOP's change to his eligibility status did not violate the Due Process Clause and his Petition should be denied. Because this Court has recommended that all of Lopez' requested belief be denied, his Motion to Expedite is moot.

### III. RECOMMENDATION

Based upon the foregoing and all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Petitioner's Petition for Habeas Corpus Relief [Doc. No. 1] be **DENIED;**

2. Petitioner's Motion to Expedite Adjudication of § 2241 Motion Due to Irreparable Harm that Will Ensue If Petition Is Adjudicated in Due Course [Doc. No. 2] be **DENIED as moot**; and

3. This action be **DISMISSED WITH PREJUDICE**.

Dated: July 18, 2011
s/ Steven E. Rau_____
STEVEN E. RAU
United States Magistrate Judge

Under D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **August 1, 2011,** a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  A party may respond to the objecting party's brief within ten days after service thereof.  A judge shall make a de novo determination of those portions to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Court of Appeals.